UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR CESAR BOTA,<br><br>                                    Plaintiff,<br><br>-against-<br><br>HUNTER COLLEGE CITY UNIVERSITY OF NEW YORK; JASON WIRTZ; JENNIFER J. RAAB; COLLEN BARRY,<br><br>                                    Defendants. | 21-CV-8977 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331. He alleges that Defendants violated his federal rights and misappropriated federal funds. Plaintiff raises claims under the First Amendment, the Lanham Act, the Americans with Disabilities Act (ADA), and the Whistleblower Protection Act. By order dated January 14, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint, but grants Plaintiff thirty days' leave to replead.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, who is a student, brings this action against Hunter College of the City University of New York (Hunter College) and three employees of Hunter College – Jason Wirtz, Jennifer J. Raab, and Collen Barry. Plaintiff asserts that from August 2020, to March 2021, Defendants caused him irreparable injury, emotional trauma, and academic, financial, mental, and emotional injury. He seeks money damages.

The following is Plaintiff's statement of claim, verbatim:

The defendants breached Lanham Act, and when brought to their attention to hide it, they breached the 1st Amendment, threatening and retaliating when they had a chance to reasonably and adequately address the issue justly. Instead, however, they chose to protect each other in a chain of events having tremendous repercussions in every student's future and life, with no regard to public funding on the citizens of the state of New York. This academic misconduct and retaliatory action were gross, negligent, malicious, and vindictive acts, threatening me with possible disciplinary or academic attempts to stop while retaliating. Blame the whistleblower for exposing a problem, further violating freedom of speech, the Whistleblower Protection Act, all in an effort to hide the misappropriation of federal funds and protect themselves from wrongdoing. Especially as everyone at the school learned that I am a student with a disability and studying is how I could recover and overcome my disability, they chose to keep maliciously damaging me. Such events created such hardship, especially as I am a student with a severe mental disability. It propelled me into severe depression, affecting my relationships at home, pushing me to need further medication, forever damaging my academic record, limiting possibilities of scholarships and a better life. All of which in the sophisticated consumer-oriented society we live in nowadays, records, degrees, and good grades are not only needed, they are a pivotal, vital, central, and principal role for survival, success, and survival, particularly for minority groups. Which is the reason the government helps fund their educations for minority groups. Therefore, the school and professor must be held to reasonable acknowledgement that they owe legal duties and responsibilities to their students.

(ECF 2, at 5.)

## DISCUSSION

**A.    Rule 8 Pleading Requirements**

Plaintiff's complaint fails to satisfy federal pleading rules. He does not provide a short and plain statement showing that he is entitled to relief as required by Rule 8, or include any facts suggesting that any defendant violated his rights. In order to state a claim for relief, a complaint must contain enough facts to allow the Court to reasonably infer that the defendant is liable to the plaintiff. *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555). Plaintiff essentially asserts that Defendants unlawfully harmed him, but the complaint contains no facts about what occurred or how the defendants or any other person allegedly violated his rights. As

Plaintiff fails to articulate a viable legal claim, the Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court cannot say that an amendment would be futile, particularly with respect to Plaintiff's disability-based claims, the Court grants Plaintiff thirty days' leave to replead any possible viable claim.

**B.     Federal Claims**

In the event that Plaintiff chooses to replead his claims, the Court set forth the standards for asserting the claims Plaintiff alludes to in the complaint.

**1.     First Amendment Claim**

Plaintiff asserts that Defendants retaliated against him in violation of the First Amendment for bringing an undisclosed matter to their attention. The First Amendment prohibits government officials from subjecting an individual to retaliatory actions for exercising his right to free speech under the First Amendment. *Hartman v. Moore*, 547 U.S. 250, 256 (2006)). A plaintiff asserting a First Amendment retaliation claim must show that "(1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury." *Dorsett v. Cnty. of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013); *Williams v. Town of Greenburgh*,

4

535 F.3d 71, 76 (2d Cir. 2008) ("Regardless of the factual context, [courts] have required a plaintiff alleging retaliation to establish speech protected by the First Amendment.")

Plaintiff does not allege facts suggesting that he engaged in protected First Amendment activity or that any defendant retaliated against him for his exercise of that right. Even assuming that Plaintiff is entitled to First Amendment protection for his unspecified speech, he fails to plead facts suggesting that the defendants acted in a manner "motivated or substantially caused" by his exercise of his First Amendment rights. In other words, Plaintiff's complaint does not allege facts suggesting that there was a causal link between his lodging a complaint and an adverse action by the defendants. Plaintiff fails to state a claim that Defendants violated his rights under the First Amendment by retaliating against him for his exercising his free speech rights.

### 2.   Lanham Act Claim

Plaintiff also fails to allege any facts suggesting a possible claim under the Lanham Act. The Lanham Act, which is also known as the Federal Trademark Act of 1946, 15 U.S.C. §§ 1051-1127, is the federal statute governing trademark infringement. The Act gives a seller or producer "the exclusive right to 'register' a trademark . . . and to prevent his or her competitors from using that trademark." *Qualitex Co. V. Jacobson Prods. Co., Inc.*, 514 U.S. 159, 162 (1995) (citing Lanham Act, 15 U.S.C. §§ 1052, 1114(1)).

Here, although Plaintiff invokes the Lanham Act, he does not allege that he holds a trademark, and that Defendant infringed that mark. In fact, Plaintiff fails to allege any facts concerning a registered or unregistered trademark that is being infringed which would suggest a claim under the Lanham Act.

### 3. Whistleblower Protection Act Claim

Plaintiff also asserts that Defendants violated the Whistleblower Protection Act (WPA), 5 U.S.C. § 2302, when he exposed an unspecified problem. The WPA, however, applies only to federal employees. *See* 5 U.S.C. § 2302. Because Plaintiff is not a federal employee, he cannot maintain a viable cause of action under the WPA.

### 4. ADA Claims

Finally, Plaintiff invokes the ADA, alleging that he suffers from a "severe mental disability" and that Defendants' unspecified actions created "hardship" and "propelled [him] into a severe depression." (ECF 2, at 5.) The ADA prohibits discrimination against the disabled in major areas of life. The statute consists of three parts: Title I, 42 U.S.C. § 12111 *et seq.*, which prohibits discrimination in employment; Title II, 42 U.S.C. § 12131 *et seq.*, which prohibits discrimination by public entities; and Title III, 42 U.S.C. § 12181 *et seq.*, which prohibits discrimination in access to public accommodations. *PGA Tour, Inc. v. Martin,* 532 U.S. 661, 675 (2001). Plaintiff's assertions may implicate Title II, the provision providing that no person shall be excluded from participation in or be denied the benefits of a public entity by reason of a disability. *See* 42 U.S.C. § 12132.[1]

To state a claim under Title II of the ADA, a plaintiff must allege that he has a qualified disability, that the defendant is subject to the statute, and that he was denied access to covered services, programs, or activities because of his disability. *See McElwee v. Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012). The ADA defines a disability as "[a] physical or mental impairment

---

[1] Plaintiff's claims may also implicate the Rehabilitation Act of 1973, 29 U.S.C. § 794, which prohibits disability-based discrimination in federally funded programs. *See Bryant v. N.Y. Educ. Dep't,* 692 F.3d 202, 216 (2d Cir. 2012). Claims under the ADA and the Rehabilitation Act are analyzed similarly. *Wright v. N.Y. State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016).

that substantially limits one or more major life activities . . . or being regarded as having such an impairment." 42 U.S.C. § 12102(1)(a-c). The statute requires that disabled individuals receive "reasonable accommodations" that allow them to have access to and take a meaningful part in public services. *Henrietta D. v. Bloomberg*, 331 F.3d 261, 273-74 (2d Cir. 2003).

Plaintiff does not state facts suggesting a claim under the ADA. Although Plaintiff identifies himself as an individual with a mental disability, he does not allege facts suggesting that Defendants discriminated or retaliated against him because of that disability. The complaint is completely devoid of facts, or even allegations, suggesting that Defendants acted in any manner motivated by any discriminatory animus or ill will based on Plaintiff's disability. Because Plaintiff does not provide any factual allegations suggesting that any defendant discriminated against him on the basis of his disability, he fails to state a claim for relief under Title II of the ADA.

## LEAVE TO AMEND

If Plaintiff chooses to submit an amended complaint, he must provide facts concerning his dispute with Defendants that may suggests a viable federal claim as outlined above. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.[2]

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff's complaint, filed under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted. All other pending matters are terminated.

Plaintiff is granted thirty days' leave to replead his claims. If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing Plaintiff's claims for the reasons stated in this order.

---

[2] Plaintiff may consider contacting the New York Legal Assistance Group's (NYLAG) Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. A copy of the flyer with details of the clinic is attached to this order. The clinic is currently available **only** by telephone.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   January 19, 2022
         New York, New York

                                                    _____
                                                       Louis L. Stanton
                                                          U.S.D.J.